## BURKETT et als. v. BOARD OF SUPERVISORS OF SAN JOAQUIN COUNTY AND THE SAN JOAQUIN COUNTY ROAD COMMISSIONERS.

WHERE the Board of Supervisors of San Joaquin, under the Act of 1860, (Stat, 1860, 317) authorizing them to levy a special tax for the construction and repair of seven public highways leading from the city of Stockton, the fourth of which was "A road running from the limits of Stockton, via Hamilton's Ranch, known as the Sonora Road," levied and collected the tax, and then, July 10th, 1860, passed an order locating the route of this fourth road, along which plaintiffs lived, and afterwards assessed the damages to the owners of land, etc.; but, before they had obtained the right of way for this road, passed another order in March, 1861, annulling the first order and changing the location of the road, which rendered the lands of plaintiffs of less value: Held. that the first order laying out the road was unexecuted; that no rights of plaintiffs had vested, and that the Board had power to make the second order; that the first order was not in the nature of a power exercised and exhausted, but was at most a proposed mode of executing a power, which could be changed at any time before rights had vested under it.

Held, further, that the remedy adopted by plaintiffs—a bill in equity to have declared void the second order of the Board, and for injunction restraining the Road Commissioners from paying toward the second road any of the money collected on the tax—is objectionable.

APPEAL from the Fifth District.

Bill in equity to set aside an order of the Board of Supervisors San Joaquin, and for injunction, etc.

In April, 1860, the Legislature passed "An Act to provide for laying out and constructing certain Public Roads in the County of San Joaquin, and to compensate the owners of land taken for that purpose." The act authorized the Board of Supervisors to levy a special tax, the fund raised to be exclusively appropriated to the construction and repairing of seven public highways leading from the city of Stockton as follows:"   *   *   *   "4th. A road running from the limits of Stockton, via Hamilton's Ranch, known as the Sonora Road." The tax was levied and collected and the money set apart as a special fund for the purposes named. On the tenth of July, 1861, the Board made an order to the effect that, "the following route be, and the same is, hereby declared the location of the road running from the limits of Stockton, via Hamilton's Ranch, known as the Sonora Road." [Then follows a regular description of the

route by chains, as surveyed.]    March 11th, 1861, the Board annulled said order of July 10th, 1860, and located the road on other ground.    The line of road, as first located, passed by or through the lands of plaintiffs, which will be less valuable if no road passes through them, or if the proposed change is made.    After the first road was located, the Supervisors assessed damages to the owners of land along its line, as the Act of 1860 provides; but before they obtained the right of way through the land surveyed and viewed out, they located the second road.    The right of way for the first road has not been procured, but the right of way for the second road has been procured.    There is no material difference in fitness for the purposes of a highway between the two roads; the new road to Sonora is a mile longer.    The new road leaves the limits of Stockton at the same point with and continues two miles on the same line as the road from Mariposa to Stockton. The first road is not located immediately on the old traveled track.

The Court below dissolved the preliminary injunction granted, and dismissed the bill.    Plaintiffs appeal.

*H. O. & W. H. Beatty,* for Appellants, argued that the second order of the Board was void; that the Board exhausted its power over the subject upon passing its first order, citing *People ex rel Decker* v. *Lynde* (8 Cow. 134).

*Geo. W. Tyler,* also for Appellants, cited Wood's Dig. Art. 3319; Act 1860, 317; *Fuller* v. *Saunders,* Cro. Jac. 446; *Rex* v. *Bamber,* 5 Q. R. 279; *Rex* v. *Paul,* 2 M. & Rob. 307; 6 Pet. 431, 439; 3 Vt. 521, 527; 6 Id. 355; *Dorasten* v. *Payne,* Sm. L. Cas. 90.

*Thos. H. Williams,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

Waiving serious objections to the remedy selected by the complainants in this case, we think that the whole case shows no legal or equitable ground for the interposition of the Court as prayed for.

The first order for laying out the road was unexecuted; no rights

of the complainants had vested, and full power remained in the Board to lay out the road differently from the mode first proposed. The first order is not in the nature of a power exercised and exhausted, but at the most merely a mode proposed of executing the power, which could be changed at any time before rights had vested under it.

Other points need not be noticed.

Judgment affirmed.